ALLEN AUTO SPECIALTY CO. v. NIAGARA AUTO COVER CO.
(two cases).

(District Court, S. D. New York. November 7, 1913.)

PATENTS (§ 328*)—INFRINGEMENT.
    The Nathan patent, No. 799,662, for a cover for automobile tires, *held* infringed.

In Equity. Two bills by the Allen Auto Specialty Company against the Niagara Auto Cover Company. On final hearing. Decrees for complainant.

Howson & Howson, of New York City (Hubert Howson, of New York City, of counsel), for complainant.

Baird, Cox & Scherr, of New York City (Clarence G. Campbell, of Boston, Mass., of counsel), for defendant.

HAND, District Judge. There is no important issue in this case except infringement, and that is a purely verbal issue. That any one should copy the patent exactly, except to put the top section wrong side to, was surely not to be anticipated. It is so obviously a perversion of the natural use as to be possible only to one who was trying to avoid infringement. The most that Mr. Campbell could say for it

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

was that the cover would work as well hind side front as the normal way. Granting that this is true, though it seems to me most unlikely, still he could not suggest the least reason for the change, and the real reason is only a dishonest wish to infringe the patent.

However, it is urged that the actual language of the claim does not cover the defendant's device, and that the claim resides in the words used. I agree that if "front" is necessarily to be limited to the side away from the machine, this is so. If, however, it be interpreted as meaning the vertical face of the tire when in position, the difficulty disappears. Functionally that is all it can mean, as it is a matter of the most absolute indifference whether the vertically falling flap is before or behind. That, moreover, is undoubtedly the idea that the patentee and the patent examiner had in mind, when the phrase was included that contained the word, "front." All that they meant was that the flap should fall vertically, thus differentiating the claim from those covers which had a seam or opening upon the horizontal faces of the tire. If the patent is to be so easily evaded, then of course it would be no infringement so long as the whole tire was fastened on wrong side to. Now no one will carry literalism so far, and I am glad to say that Mr. Campbell very frankly admitted that it would not evade the patent to put the whole thing on with the face in. But that admission goes too far for the case, because the defendant has nothing to rest on but the mere literal language of the claims. If it be infringement to turn the whole cover around, how can it be different to turn half the cover? Is it not perfectly clear that "front" was merely a term of relation, indicating the position of the flap towards the observer who was opening or closing it, and that of course the patentee did not suppose that the observer would reverse it so that to face it he would have to look down over the top of it.

As to the first infringement, the flap does not, it is true, come down very far. It makes a start, as it were, and stops before it has gone far enough to get the best results. However, the purpose is undoubtedly present, and it does not avoid infringement to modify the patented device to a point where it merely works badly.

A decree may pass, with costs on both bills.